

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-4348
Re: Under the facts submitted
are certain residents of
Galveston County, Texas en-
titled to poll tax exemp-
tion certificates?

This department has received and considered your request
for an opinion. We quote from your request:

"The State and County Tax Assessor and Collect-
or has asked me for an opinion as to whether people
who have come into Galveston County, Texas, after
January 1st, 1941, and who have all the qualifica-
tions of citizenship, except the length of residence
in the State and County, are entitled to Exemption
Certificates. They, not having been residents of
Galveston on the 1st of January, 1941, of course,
were not chargeable under the poll tax levy for 1941.
Many arrived in Galveston County from other States
during March and April, 1941, and now live with their
families in this County.

" * * *

"Owing to the enormous amount of development and
construction work in defense projects, and others,
at Texas City in this County, there are a great number
of people from outside the State of Texas who reached
Galveston County after January 1st, 1941, who would
be absolutely disqualified from voting if they are not
entitled to exemption certificates, in any election
held during the year 1942 and into the early portion
of 1943; therefore, the matter will have to be deter-
mined as to whether these people, who will have resi-
dent qualifications before any election, are entitled
to an Exemption Certificate."

Honorable Charles H. Theobald, Page 2

It is our information that the population of Galveston County is 81,173, and the population of the city of Galveston was 60,862, according to the Federal Census of 1940.

Article 2959 of the Revised Civil Statutes of Texas provides:

"A poll tax shall be collected from every person between the ages of twenty-one and sixty years who resided in this State on the first day of January preceding its levy, Indians not taxed, persons insane, blind, deaf or dumb, and those who have lost a hand or foot, or permanently disabled, excepted. It shall be paid at any time between the first day of October and the first day of February following; and the person when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid."

The exemptions from the payment of poll tax are found in Article 2960, Revised Civil Statutes of Texas, which provides:

"Every person who is more than sixty years old or who is blind or deaf or dumb, or is permanently disabled, or has lost one hand or foot, shall be entitled to vote without being required to pay a poll tax, if he has obtained his certificate of exemption from the county tax collector when the same is required by the provisions of this title."

In the case of Parker vs. Busby (Ct. Civ. App.) 170 S. W. 1042, it is said:

"The words 'poll tax' mean a tax upon a person - a capitation tax-and in this state such tax is levied by law upon all male persons between 21 and 60 years of age with certain exceptions not necessary to be here stated. * * * "

In our opinion No. 0-2208 this department held:

"A person is not liable for the payment of the poll tax unless he shall have resided in this state on the first day of January preceding its levying; it follows that a person who moves to Texas from another state in March of the year 1939 is not liable for the payment of a poll tax to qualify him to vote in the year 1940. Earnest vs. Woodlee, 208 S. W. 963 (Ct. Civ. App., writ dismissed)."

Honorable Charles H. Theobald, Page 3

It follows, therefore, that under the fact submitted by you that those persons who did not reside in Galveston County, Texas, on January 1, 1941, would not be liable for nor subject to pay a poll tax under the laws of the State of Texas for that year.

Article 2955 of the Revised Civil Statutes of Texas, prescribing the qualifications for voting, provide in part as follows:

" * * * provided that any voter who is subject to pay a poll tax under the laws of this state or ordinances of any city or town of this state, shall have paid said tax before offering to vote at any election in this state and holds a receipt showing that said poll tax was paid before the 1st day of February next preceding such election; and, if said voter is exempt from paying a poll tax and resides in a city of 10,000 inhabitants or more, he or she must procure a certificate showing his or her exemption as required by this title. * * * " (Underscoring ours)

Article 2968, of the Revised Civil Statutes of Texas, provides:

"Every person who is exempted by law from the payment of the poll tax, and who is in other respects a qualified voter, who resides in a city of Ten Thousand (10,000) inhabitants or more, shall before the 1st day of February of the year when such voter shall have become entitled to such exemption obtain from the tax collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax." (Underscoring ours)

"Such exempt person shall on oath state his name, age, race, county of residence, occupation, length of time he has resided in said county, and the length of time in the city, and the number of the ward or voting precinct in which he resides, and shall also state his street address by name and number, if numbered, and the grounds upon which he claims exemption from payment of a poll tax."

Honorable Charles H. Theobald, Page 4

Article 2968a, of the Revised Civil Statutes of Texas, provides:

"Every person not subject to the disqualifications set out in Article 2954 of the Revised Civil Statutes of 1925 who does not reside in a city of 10,000 inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of 21 years on the 1st day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the 1st day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the 31st day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote.

"Such exempt person shall on oath state his name, age, race, county of residence, occupation, length of time he has resided in the State of Texas, the length of time he has resided in said county, the length of time in the city, and the number of the ward or voting precinct in which he resides, and shall also state his street address by name and number, if numbered, and his or her rural address if not a resident of a city or village. He shall also state the grounds upon which he claims exemption from the payment of a poll tax, and such information pertaining to foreign-born citizens as is set out in the certificate hereinafter prescribed." (Underscoring ours)

In the case of Clark vs. Stubb (Ct. Civ. App.) 131 S. W. (2d) 663, the court held:

"Appellee challenged the votes of * * * because each of them became 21 years of age after January, 1938, and prior to November 8, 1938," (the date of the election) "and under the governing statute, therefore, they were not entitled to vote without an exemption certificate. Article 2968a, Vernon's Ann. Civ. Stat., Acts of 1935, 44th Leg. p. 686, ch. 292, Sec. 1, provides that each of the voters in question was required to obtain an exemption certificate before he or she

Honorable Charles H. Theobald, Page 5 -

would be entitled to vote. Neither of them obtained such a certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all of such votes."

In the case of Rogers vs. Smith et al, 119 S. W. (2d) 678, the Beaumont Court of Civil Appeals held that, in an election contest, the refusal on the part of the district court hearing same to count a vote by a party who became 21 years of age before an election held on April 3, 1937, and subsequent to January 1, 1937, was not error, where such voter failed to obtain from the tax assessor and collector a certificate of exemption and that such person was not a qualified voter. As authority for this holding, the court cited Article 2968a, Vernon's Annotated Civil Statutes, Acts 1935, 44th Leg., p. 686, ch. 292, Sec. 1.

It will be noted that with the exception of the provision in Article 2968a, supra, that there is no specific statutory exemption with reference to persons moving into this state subsequent to January 1st of the year for which the poll tax is levied. It will be noted that the provisions of Article 2968, supra, are applicable to "Every person who is exempted by law from the payment of the poll tax." Does this statute include, by implication, persons moving into the State of Texas subsequent to January 1st of the year for which the poll tax is levied?

In Cooley on Taxation, 4th Ed. Vol. 2, Sec. 651, it is said:

"Tax exemptions are of two kinds. The first kind is an express exemption of certain property from all of certain taxes, either entirely or in part. * * * The second kind is an exemption by omission which may be either accidental or intentional, as where the tax is laid on certain named property without mentioning other property. Every statute for the levy of taxes is in a sense a statute making exemptions; that is to say, it leaves many things untaxed which it would be entirely competent to tax if the legislature had deemed it wise or politic."

In the case of Bartholomew vs. City of Austin (Cir. Ct. App. 5th Cir.) 85 Federal 359, it is said:

> "'Exemption' means free from liability, from duty, from service. It is a grace, a favor and immunity; taken out from under the general rule not to be like others who are not exempt; receive and not make a return."

It is our opinion, therefore, that the Legislature intended to include, within the provisions of Article 2968, supra, those persons who did not reside in the State of Texas on January 1st of the year for which the poll tax is levied and who reside in a city of ten thousand inhabitants or more and who are in other respects qualified voters as contemplated in Article 2955 of Vernon's Civil Statutes of Texas.

You are, therefore advised, in answer to your question that those persons who have moved into the State of Texas and your county after January 1, 1941, under the ruling in the case of Clark vs. Stubbs, supra, and Rogers vs. Smith, et al, supra, and who do not reside in a city of 10,000 inhabitants or more, and who have since become eligible to vote by reason of length of residence as contemplated in Article 2955, supra, are entitled to be issued certificates of exemption within the provisions of, and as contemplated in, Article 2968a of the Revised Civil Statutes of Texas.

You are further advised that it is the opinion of this department that under the ruling in the case of Clark vs. Stubbs, supra, and Rogers vs. Smith, et al, supra, that those persons who have moved into the State of Texas since January 1, 1941, and are in other respects qualified voters as contemplated in Article 2955, supra, and who reside in a city of 10,000 inhabitants or more, are, under the provisions of Article 2968, entitled to receive certificates of exemption from the payment of poll tax as therein contemplated and provided.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

APPROVED JAN 30 1942

FIRST ASSISTANT
ATTORNEY GENERAL

HM:ej

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN